

**SO ORDERED.**

**SIGNED this 20 day of January, 2009.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS  DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | CASE NO. 08-31105-JDW |
| ERIC HEGWOOD and | : | |
| ANDREA HEGWOOD, | : | |
| | : | |
| DEBTORS. | : | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

| | |
|---|---|
| For Movant: | Robert G. Fenimore
440 Martin Luther King Blvd., Suite 302
Macon, Georgia 31201 |
| For Respondent: | Chanel Cameron, pro se
Post Office Box 466257
Lawrenceville, Georgia 30042 |

**MEMORANDUM OPINION**

This matter comes before the Court on the United States Trustee's motion for sanctions against a bankruptcy petition preparer. This is a core matter within the meaning of 28 U.S.C. §157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

The United States Trustee filed a motion against bankruptcy petition preparer Chanel Cameron, d/b/a Georgia Bankruptcy Assistance, alleging violations of 11 U.S.C. § 110 and seeking a fine against her of $6,500 and a reimbursement to Debtors Eric and Andrea Hegwood of $289 in fees. The Court held a hearing on the motion on December 9, 2008, at which Mr. Hegwood testified. Although Ms. Cameron filed a written response to the motion, neither she nor a representative appeared at the hearing. Based on the evidence presented, the Court finds the relevant facts to be as follows:

Ms. Cameron solicited Debtors through a letter dated September 9, 2008, and received September 10, 2008. The letter referenced public records indicating Debtors were facing a garnishment and offered to "prepare the necessary paperwork to stop the garnishment of your wages or attachment of any other assets utilizing the protection of the bankruptcy laws." (U.S. Trustee's ex. 1.) In the letter, Ms. Cameron further offered to prepare a Chapter 7 petition for a fee of $189. On or about the same day Debtors received Ms. Cameron's letter, they learned they would be subject to a garnishment, stemming from a debt incurred in Mr. Hegwood's prior dump truck business.

2

Due to his financial circumstances, Mr. Hegwood immediately called Ms. Cameron at the telephone number provided in her letter and asked for additional information about her services. Ms. Cameron sent him a document by email entitled "Bankruptcy Preparation Procedures." (U.S. Trustee's ex. 2.) It set forth Ms. Cameron's rates and accepted methods of payment, as well as providing specific information about the bankruptcy process. The document instructed Debtors they must complete credit counseling and obtain a certificate within six months prior to filing a bankruptcy petition. It explained how Debtors could obtain the credit counseling and how much it would cost. It stated that failure to provide complete information about creditors could prevent discharge of debts. It listed the Court's filing fee and stated that the fee could be paid in installments. It provided information as to how, where, and when the petition could be filed. It informed Debtors they would receive a notice of hearing and trustee information after the petition was filed. Finally, it contained a time line for Chapter 7 that indicated the timing of the meeting of creditors, the filing of claims by unsecured creditors, as well stating that at certain times, "Trustee will sell any non-exempt assets" and "Debtor is discharged and all debts are written off."

Mr. Hegwood testified he was aware of none of the foregoing information prior to receiving the email from Ms. Cameron. After reading the email, Mr. Hegwood researched bankruptcy on the internet to determine he could legally file a petition without an attorney, which indicates he clearly understood Ms. Cameron was not an attorney. He then contacted Ms. Cameron a second time to set up a phone interview. During the conversation, Ms. Cameron told him she would not begin his paperwork until she received a money order for $289, which was her price for a joint petition. Ms. Cameron instructed Mr. Hegwood to make the money order

3

payable to Linda Richardson, who she named as the owner of Georgia Bankruptcy Assistance.

The United States Trustee identified a person by the name of Linda Richardson as the subject of an order in <u>Walton v. Linda McCreary Richardson</u> (<u>In re Watson</u>), No. 07-61378, Adv. No. 08-6269 (Bankr. N.D. Ga. Oct. 2, 2008).  In that case, the court entered a default judgment against Ms. Richardson for violations of 11 U.S.C. § 110; it fined her $10,500 for advising a debtor to exclude assets from his petition and for preparing a document that failed to identify the petition preparer; and it enjoined her from conduct that violates the Bankruptcy Code or is fraudulent, unfair, or deceptive.

Mr. Hegwood submitted the money order as instructed.  Ms. Cameron accepted the payment without first providing Debtors with Official Form 19 (Declaration and Signature of Non-Attorney Petition Preparer).  She then proceeded to obtain Debtors' petition information over the telephone.  During their conversation, Mr. Hegwood told Ms. Cameron he was worried about losing his home.  She advised him to bring his mortgage payments current and to enter into a reaffirmation agreement with the mortgage holder.  She also instructed him that up to $10,000 of home equity per debtor would be exempt in the bankruptcy case.  Mr. Hegwood testified that he did not know anything about exemptions prior to talking to Ms. Cameron.  Furthermore, he was not familiar with the Georgia code sections listed with his claimed exemptions on Schedule C, nor did he provide those code sections to Ms. Cameron.

As the telephone conversation continued, Ms. Cameron offered additional information Mr. Hegwood said he was learning for the first time.  For example, she told Mr. Hegwood he and his wife should use Chapter 7.  Mr. Hegwood testified he did not know whether Chapter 13 might have been more appropriate for his circumstances.  Ms. Cameron told Mr. Hegwood how

to stop the garnishment that precipitated his bankruptcy filing, instructing him to take his bankruptcy case number to Gwinnett County state court. Mr. Hegwood testified he was not aware Ms. Cameron could not give legal advice and said he asked her the same questions he would have asked a lawyer.

Ms. Cameron prepared the petition and other documents and mailed a hard copy to Debtors. The Declaration and Signature of Non-attorney Petition Preparer (Form 19) included a name, address, signature, and social security number. Page three of the petition (Form 1) included a name, address, and signature, but no social security number. No identifying information was included on the Statement of Financial Affairs (Form 7), the Declaration Concerning Debtor's Schedules (Form 6), and the Debtor's Statement of Intention (Form 8). The original packet of documents did not include an Application to Pay Filing Fees in Installments (Form 3). Upon receiving the documents, Debtors noticed several errors, and contacted Ms. Cameron about making corrections. Ms. Cameron sent Debtors the revised forms by email along with instructions to print out the documents, sign them, and file them. The corrected documents, which were filed by Debtors, did not include Ms. Cameron's signature on any forms. Form 19 included a name, address, and social security number. The petition included a name and address but no social security number. The remaining forms, 6, 7, and 8, lacked any identifying information. An application to pay filing fees in installments included a name, address, and social security number, but no signature. According to Mr. Hegwood, Ms. Cameron did not ask Debtors to return the documents to her for her signature.

In her response to the U.S. Trustee's motion, Ms. Cameron submitted a third set of forms, purporting to correct any errors on the prior forms. However, only Form 19 contained all the

5

necessary information: name, address, signature, and social security number.  The petition lacked a social security number, and forms 6, 7, and 8 lacked an address.  Ms. Cameron did not submit a revised application to pay filing fees in installments.  During the hearing, the U.S. Trustee raised some questions as to the authenticity of the social security number used in the documents.  The evidence indicated the social security number provided by Ms. Cameron belongs to a recently deceased person.  In addition, a taxpayer identification number for Georgia Bankruptcy Assistance placed on several of the documents also was identified as the social security number of a deceased person.

## Conclusions of Law

Chanel Cameron does not dispute that she and Georgia Bankruptcy Assistance are bankruptcy petition preparers as defined by 11 U.S.C. §110(a)(1).  Therefore, she is subject to penalties for negligently or fraudulently preparing a bankruptcy petition as set forth in §110, which can be summarized in relevant part as follows:

- A BPP must sign and print her name and address on any document she prepares for filing.  Id. § 110(b)(1).

- Before preparing any documents or accepting fees from a debtor, a BPP must provide the debtor with Official Form 19, which informs the debtor the BPP is not an attorney and cannot provide legal advice.  The form must be signed by the debtor and the BPP and must be filed with any documents prepared by the BPP for filing.  Id. § 110(b)(2).

- A BPP must place her social security number after her signature on any document she prepares for filing.  Id. § 110(c)(1), (2).

- A BPP may not offer a potential bankruptcy debtor legal advice.  Id. § 110(e)(2)(A).

- A BPP may forfeit all fees if she fails to comply with the requirements of § 110.  Id. § 110(h)(3)(B).

- The Court may enjoin a BPP from engaging in conduct that violates § 110.  Id. §

6

    110(j)(2)(A).

- The Court may enjoin a BPP from preparing petitions if she has continually engaged in conduct that violates § 110 and an injunction of that conduct would be insufficient to prevent the BPP from interfering with administration of the Bankruptcy Code.  <u>Id.</u> § 110(j)(2)(B).

- A BPP who fails to comply with the requirements of § 110 may be fined no more than $500 per violation.  <u>Id.</u> § 110(l)(1).

- The court <u>shall</u> triple the fine if the BPP "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."  <u>Id.</u> § 110(l)(2)(D).

<u>Violations</u>

In this case, Ms. Cameron violated §110(b)(1) five times by failing to include a name, address, and/or signature on the petition, the application to pay filing fees in installments, the declaration as to schedules, the statement of financial affairs, and the statement of intention.  The Court notes that in addition to the versions of these documents that were actually filed by Debtors, the original version Ms. Cameron initially mailed to Debtors as well as the corrected versions filed with her response to the Trustee's motion all failed to fully comply with this subsection.

Ms. Cameron violated §110(b)(2) by accepting fees from Debtors before providing them with Form 19.

Ms. Cameron violated §110(c)(1) four times by failing to put her social security number on page 3 of the petition, the declaration of schedules, the statement of financial affairs, and the statement of intention. Although some of these documents included a taxpayer identification number for Georgia Bankruptcy Assistance, that does not satisfy the requirement for a social security number.

7

Ms. Cameron violated §110(c)(2) by placing a social security number on Form 19 which does not appear to be her own.

Ms. Cameron violated §110(e)(2) six times by (1) advising Debtors about the credit counseling requirement, (2) advising Debtors that failure to provide complete information about creditors could affect their discharge, (3) advising Debtors about the expected time frame for important actions in the bankruptcy case, (4) advising Debtors about saving their house, (5) advising Debtors about how to stop the garnishment of their bank account, and (6) advising debtors about their exemptions.

## Penalties

Turning to the penalties for Ms. Cameron's violations of §110, the United States Trustee requested a disgorgement of fees and the imposition of fines against Ms. Cameron and Georgia Bankruptcy Assistance. Further, at the hearing on the motion, the United States Trustee requested that the Court use its power under §110(j) to enjoin Ms. Cameron and Georgia Bankruptcy Assistance from filing further cases in this district based on the facts which became apparent either at the hearing or through Ms. Cameron's response to the motion.

The documents Ms. Cameron prepared for filing in this case included a footer indicating they were created by the Best Case software program. This Court has previously discussed the problems use of such software can cause for bankruptcy petition preparers. In re Bullock, No. 08-50235, 2008 WL 1815589 (Bankr. M.D. Ga. April 21, 2008). If used negligently, it can fail to print lines for a petition preparer's name, address, signature, and social security number. Id. at * 2. Furthermore, it automatically elects exemption information, which causes the petition preparer to provide a product that includes legal determinations not made by the debtor. Id. at

\*3.

*Fees:* The Bankruptcy Code authorizes the Court to order full disgorgement of fees for a violation of § 110. In this case, the Court has found numerous violations by Ms. Cameron under subsections (b), (c), and (e). Therefore, the Court can and will require her to forfeit the full $289 she received from Debtors.

*Fines:* Several of Ms. Cameron's violations of § 110 make fines appropriate in this case. First, with respect to the identifying information required by subsection (b)(1)–name, signature, and address–Ms. Cameron's failures seem largely the result of carelessness on her part and cannot be fully ascribed to negligent use of software. This is demonstrated by the fact that while some of the of the documents she prepared included none of the required information, others included partial information. Furthermore, even the documents she submitted with her response to the Trustee's motion for the purpose of remedying any deficiencies were incomplete. In addition, Official Form 8, the statement of intention, has been amended to delete the petition preparer identification requirements. Although the amended form became effective after the petition date in this case, the Court finds the amendment relevant and will not fine Ms. Cameron for violations as to the statement of intention. For these reasons, the Court finds the omissions were unintentional and will therefore limit the fine for four violations to $50 each. Because the violations resulted in Ms. Cameron preparing documents that failed to reveal her identity, the fines must be tripled for a total of $600.

Second, as to Ms. Cameron's failure to include her social security number on certain documents, the Court finds these omissions also resulted from carelessness and were unintentional. Therefore, the Court will fine Ms. Cameron $50 for each of the four violations for

a total of $200.  Although questions raised by the Trustee about the authenticity of the social security number provided by Ms. Cameron on some forms are disturbing and should be probed further, the Court does not have conclusive evidence on that point and will not impose fines for a violation of subsection (c)(2).

Third, Ms. Cameron provided legal advice to Debtors on multiple occasions spanning a variety of topics.  Her advice was not merely passive in nature, offered via computer-generated exemption information.  Ms. Cameron affirmatively provided legal advice by email and over the phone, going so far as to answer Mr. Hegwood's specific questions about saving his house and stopping the garnishment against him.  Because this behavior exposes prospective debtors to serious legal consequences, the Court will impose the maximum fine of $500 for each of Ms. Cameron's six violations of subsection (e)(2)(a), for a total of $3,000.

Fourth, the Court will impose the maximum fine of $500 on Ms. Cameron for her failure to provide Debtors with Form 19 prior to accepting fees from them.  Form 19 "is intended to make clear to the debtor that bankruptcy petition preparers cannot provide the same services as an attorney." 2 Collier on Bankruptcy ¶ 110.03[3] (15th ed. rev'd 2008).  Bankruptcy is a complex arena, filled with potential legal pitfalls for the pro se debtor.  Although Mr. Hegwood's testimony indicated he understood Ms. Cameron was not an attorney, he did not realize she was unable to provide legal advice.  He asked for and received legal advice from Ms. Cameron, which could have been avoided had she provided him with Form 19 at the appropriate time.

*Injunction*:  Ms. Cameron's involvement with Linda Richardson as evidenced by her receiving payment on behalf of Ms. Cameron is troublesome in that Ms. Richardson has been found to have engaged in fraudulent conduct in the Northern District of Georgia.  Further, Ms.

Cameron's apparent use of a deceased person's social security number also is troublesome. Finally, the Court finds Ms. Cameron's response to the Trustee's motion to be unpersuasive at best, and in light of the fact that none of the documents provided to Debtors or filed with the Court contained a signature on the statement of financial affairs, the statement of intent, or the declaration of schedules, it appears that the statements contained in Ms. Cameron's response lack veracity.  Therefore, for the above reasons,  the Court will enjoin Ms. Cameron and Georgia Bankruptcy Assistance from filing, or preparing any documents for filing, in the Middle District of Georgia until such time as they make a motion and request a hearing before the Court to show cause as to why they should be allowed to do so.

## Conclusion

The Court finds Ms. Cameron's conduct constitutes multiple violations of §110. Consequently, the Court will require Ms. Cameron and Georgia Bankruptcy Assistance to return the fee of $289 and to pay fines totaling $4,300 to the United States Trustee.  The Court also finds that the Respondents shall be enjoined from filing or preparing for filing any documents in the Middle District of Georgia until further Order of this Court.

END OF DOCUMENT